IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-CV-22473-KING

TRAVELER INDEMNITY COMPANY
OF CONNECTICUT a/s/o CAMILO
OFFICE FURNITURE, INC.,

    Plaintiff,

v.

CENTIMARK CORPORATION d/b/a
CENTIMARK ROOFING SYSTEMS,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE/*DAUBERT* MOTION

THIS CAUSE comes before the Court upon Defendant's Motion to Strike/*Daubert* Motion as to Plaintiff's Roofing Expert (DE #41), filed August 8, 2010. Defendant seeks to strike Plaintiff's proposed expert, Robert Pfarr, on two grounds: 1) as untimely; and 2) as insufficient under *Daubert*.[1] The Court finds that Defendant's motion must be denied.

Hurricane Katrina, before she ever arrived in New Orleans, swept through Miami. Although she lacked the eventual strength in Miami that she demonstrated in her destruction of New Orleans, Katrina nonetheless caused significant damage to both residential and commercial buildings in south Florida. This lawsuit seeks recovery for some of that damage; specifically, for damage done by Katrina to the roofing system of a

---

[1] This matter has been amply briefed by the parties as, in addition to the underlying Motion to Strike, Plaintiff filed a Memorandum in Opposition (DE #47) on August 24, 2010.

building owned by Plaintiff's insured. Central to the lawsuit is the issue of whether Defendant's installation of a roofing system in 1993 was done improperly in such a way as to cause the roof system to fail during Hurricane Katrina.

Plaintiff has hired an expert to assist it at trial. Plaintiff's expert, Mr. Pfarr "has over thirty years of engineering experience as a professional roof consultant, civil and structural consulting engineer, and project manager on industrial, residential, commercial and facilities projects." (DE #47-2 at 1). Mr. Pfarr "holds professional engineering licensing as a civil, structural, industrial, and mechanical engineer" and has specific areas of experience in "roof systems as well as design, construction, evaluation, and project management." *Id.* Plaintiff has opined, among other things, that Defendant's installation of a roofing system was faulty. In support of that opinion, he points to such conditions as lack of maintenance and improper installation.

Nonetheless, Defendant moves to strike Mr. Pfarr and his expert testimony on several bases. The first basis relates to Mr. Pfarr's expert disclosure and subsequent deposition. Specifically, Defendant claims that Mr. Pfarr's deposition testimony regarding theories of causation offers different opinions from what was provided in his expert disclosure. (DE #41 at 2). Defendant objects that not only are Mr. Pfarr's opinions new, they are therefore untimely under Federal Rule of Civil Procedure 26(a)(2), which requires a "complete statement of all opinions the witness will express and the basis and reasons for them …" Fed. R. Civ. P. 26(a)(2)(B)(i).

Defendant's objections to Mr. Pfarr's proposed expert testimony as untimely or as unduly prejudicial are meritless. Defendant has had notice of Mr. Pfarr's testimony for some time, at least since March 3, 2010 when Plaintiff first declared him as its roofing

2

expert. (DE #47 at 2). At the time, Mr. Pfarr found opined that the roof damage was caused because "the [relevant] roof section ... failed prematurely," caused in part by the "rotten condition of the wood" ... and the "degradation of the wood edge nailer" due to moisture exposure. (DE #47-1). Plaintiff attempts to distinguish that opinion from deposition testimony given on August 4, 2010, which Plaintiff argues offers a new theory of causation. However, this Court finds that there are no such inconsistencies and in the event there were, they would be appropriate not for the striking of Mr. Pfarr's expert testimony, but instead for cross-examination.[2] As such, the Court denies Defendant's first basis for striking Plaintiff's expert.

Defendant's second basis for striking Mr. Pfarr as Plaintiff's expert relates to the supposed insufficiency of his opinions under *Daubert*. Defendant correctly notes this Court's role as "gatekeeper" in matters relate to speculative, unreliable expert testimony. *See McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002). Defendant requests that this Court, in its function as gatekeeper, strike any of Plaintiff's opinions related to matters that he purportedly has little experience with. Primarily, Defendant claims that, because part of the basis for Mr. Pfarr's claims relate to the degradation of material used in the roofing industry, Mr. Pfarr's expert testimony is rendered nearly less worthwhile by his supposed lack of expertise in the fields of metallurgy or wood oxidation. (DE #41 at 3, 7). Defendant points to the lack Mr. Pfarr's lack of formal education regarding those areas on his CV. (DE #43 at 7).

As with Defendant's first objection, Defendant's second objection is denied. Mr. Pfarr's experience is sufficiently established to permit him to testify and to opine

---

[2] Indeed, any inconsistencies that may exist in Mr. Pfarr's testimony certainly do not constitute "major omissions" under *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 07-947, 2009 WL 1139575, *1 (M.D. Fla. April 27, 2009), which is cited by Defendant.

regarding the facts at issue. If Defendant believes Mr. Pfarr unqualified to testify regarding matters allegedly outside the scope of his expertise, Defendant may bring the matter to the jury's attention in cross-examination as a credibility issue.

Accordingly, after a careful review of the record and the court being otherwise fully advised, it is

**ORDERED, ADJUDGED** and **DECREED** as follows:

1. Defendant's Motion to Stike/Daubert Motion as to Plaintiff's Expert (DE #41) be, and the same is hereby **DENIED.**

**DONE** and **ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 30th day of August, 2010.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**Cc:**
**Counsel for Plaintiff**
Hilary Chulock
Law Offices of Robert F. Tacher
3230 West Commercial Blvd.
Suite 250
Fort Lauderdale, FL 33309
954-677-3700
Fax: 954-677-3710
Email: hchulock@travelers.com

**Counsel for Defendant**
Gregory Mark Palmer
Rumberger Kirk & Caldwell
80 SW 8th Street
Suite 3000
Miami, FL 33130-3047

305-358-5577
Fax: 305-371-7580
Email: gpalmer@rumberger.com

Dara A. Lorion
Rumberger Kirk & Caldwell
80 SW 8th Street
Suite 3000
Miami, FL 33130-3047
(305) 358-5577
Fax: (305) 371-7580
Email: dlorion@rumberger.com