IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-CV-22473-KING

TRAVELER INDEMNITY COMPANY
OF CONNECTICUT a/s/o CAMILO
OFFICE FURNITURE, INC.,

    Plaintiff,

v.

CENTIMARK CORPORATION d/b/a
CENTIMARK ROOFING SYSTEMS,

    Defendant.

_____/

## ORDER DENYING MOTION TO STRIKE

THIS CAUSE comes before the Court upon Plaintiff's Motion to Strike Defendant's Experts (DE #32), filed August 2, 2010.[1] After careful consideration and for the reasons detailed below, the Court determines that the Motion should be denied.

### I. Factual Allegations

As previously noted by this Court, this is a subrogation action to recover damages that were paid by Plaintiff to its insured, Camilo Office Furniture. The Complaint alleges that Camilo hired Defendant to make certain improvements to the roof of one of Camilo's industrial buildings. Thereafter, in 2005, Hurricane Katrina struck the South Florida area, and the building's roof sustained damage. Camilo's insurer, Plaintiff in this matter, investigated the

---

[1] This matter has been well briefed by the parties. On August 5, 2010, Plaintiff filed a Memorandum in Support of its Motion to Strike (DE #36). Defendant Centimark subsequently filed a Response in Opposition (DE #46) on August 23, 2010.

damage and determined it was caused by the premature failure of Defendant's building materials. Plaintiff paid Camilo approximately $1,700,000, and now sues Defendant for that amount. The Complaint states five causes of action: 1)) Breach of Contract; 2) Negligence; 3) Building Code Violations; 4) Strict Products Liability; and 5) Negligent Failure to Warn.

After Defendant answered Plaintiff's Complaint, the parties completed substantial discovery relevant to the material facts at issue. In particular, interrogatories and other pertinent discovery requests were propounded relating to such issues as the applicable building codes, the specifications for roofing materials used by Defendant, and evidence supporting Plaintiff's allegations. Relevant to Plaintiff's motion here is that Plaintiff announced its roofing expert, Frederick R. Steinlein, P.E. of Rimkus Consulting Group, Inc., through its February 8, 2010 Responses to Defendant's First Request for Production and Answers to Defendant's First Set of Interrogatories. (DE #36 at 5). Plaintiff's expert designation was later amended on March 3, 2010 to include Roert L. Pfarr (DE #36 at 8) and Dr. Lee E. Branscome (DE #36 at 9). Defendant failed to identify its own experts until July 12, 2010, when it proffered three expert witnesses: Robert C. Lichy, Gene Farmer, and Richard Mancini.

Plaintiff now argues that Defendant's disclosures were untimely under both the Federal Rules of Civil Procedure and the Local Rules, since Defendant did not disclose its experts until 131 days after Plaintiff's own disclosures. (DE #36 at 14). Plaintiff further claims that it was prejudiced by Defendant's disclosure, in that it was not able to coordinate or to schedule at least one of the expert's depositions prior to the Court-ordered discovery deadline of August 4, 2010.[2] (DE #36 at 18-19). Consequently, Plaintiff requests that the Court strike Defendant's experts under Fed. R. Civ. P. 37, which states that the appropriate action for a party that fails to timely provide its expert witness under Fed. R. Civ. P. 26(a) is to prohibit the party from using that

---

[2] In particular, Plaintiff notes that Gene Farmer was traveling outside of the country from July 26 through August 9, 2010, even though he had only been disclosed as a witness on July 12, 2010. (DE #36 at 18).

2

"information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified." (DE #36 at 12); Fed. R. Civ. P. 37(c)(1). *See also Newman v. State Farm Fire & Cas, Co.*, 290 Fed. Appx. 106 (10th Cir. 2008) (finding that party's delayed disclosure was not justified); *Compania Adminstradora de Recuperacion v. Titan Int'l, Inc.*, 533 F.3d 555 (7th Cir. 2008) (same)

The issue before the Court is whether Defendant's expert disclosures are timely.[3] To determine the timeliness of Defendant's disclosures, the Court must consider both the Federal Rules of Civil Procedure and the Local Rules or the Southern District of Florida.

## II. Legal Standard for Motion to Strike

For the purposes of timely disclosure of testifying experts, the controlling law is Federal Rule of Civil Procedure 26. In relevant part, Rule 26 states the following:

> (C) *Time to Disclose Expert Testimony*. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>
> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
>
> (ii) if the evidence is intended *solely* to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), *within 30 days after the other party's disclosure.*

Fed. R. Civ. P. 26(a)(2)(C). Additionally, Local Rule 16.1K similarly mandates that:

> Where expert opinion evidence is to be offered at trial, summaries of the expert's anticipated testimony or written expert reports (including lists of the expert's qualifications to be offered at trial, publications and writings, style of case and name of court and judge in cases in which the expert has previously testified and the subject of that expert testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion) shall be exchanged by the parties no later than *90 days prior to the pretrial conference*, or if no pretrial conference is held, 90 days prior to the call of the calendar, provided, however, *that if*

---

[3] As an initial matter, it must be noted that the Court's Scheduling Order (DE #20), entered on November 23, 2009, provides no deadlines relevant to the issue of timely expert disclosures. The Scheduling Order mandates only that discovery be completed by August 4, 2010, motions be filed by August 9, 2010, and a Pre-Trial Stipulation be submitted by October 1, 2010. Both parties have met these deadlines and therefore the parties' compliance with the Scheduling Order is not at issue.

3

> *the expert opinion evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party's expert, then the expert summary or report for such evidence shall be served no later than 30 days after the expert summary or report is served by the other party.*

### III. Discussion

The pertinent issue before the Court is therefore whether the experts disclosed by Defendant are intended *solely* to contradict Plaintiff's proposed expert testimony. If so, then Defendant was required to disclose those experts within 30 days of Plaintiff's March 3, 2010 disclosure. *See* Fed. R. Civ. P. 26(a)(2)(C)(ii); Local Rule 16.1K.

In support of its argument to strike Defendant's proposed experts, Plaintiff broadly states that those witnesses are intended only to rebut Plaintiff's own experts. For example, regarding the first proposed expert, Robert C. Lichy, Plaintiff states that Lichy's opinions "flatly contradict and rebut the findings, opinions and conclusions" reached by Plaintiff's own expert. (DE #36 a 15-16). Similarly, Plaintiff argues that the opinions of Defendant's second proposed expert, Gene Farmer, "center on rebutting" the conclusions of Plaintiff's expert regarding the applicable building code and industry standards. (DE #36 at 17). Lastly, Plaintiff argues that because Defendant's third expert's opinion regarding the wind impact of Hurricane Katrina contradicts Plaintiff's own expert, that testimony must be considered rebuttal testimony and stricken as untimely. (DE #36 at 19-20).

In response, Defendant argues that since its witnesses are not intended solely as rebuttal witnesses, their disclosure was timely under the Federal Rules of Civil Procedure and the Local Rules. For example, Defendant notes that one of its proposed experts, Richard J. Mancini, bases his expert opinion not on Hurricane Katrina as does Plaintiff's expert, but instead on Hurricane Wilma, which occurred three months after Katrina. (DE #46 at 8-9). Similarly, Defendant states that its second expert, Robert Lichy, was retained to "determine possible cause(s) and extent of reported damages to the building roofing system" rather than to rebut Plaintiff's own expert, and

that his expert opinion differs in both scope and substance from that of Plaintiff's expert. (DE #46 at 10-11).

The Court finds that Defendant's arguments are well-considered. Defendant's proposed experts, although they may ultimately be used to rebut the testimony provided by Plaintiff own experts, are not intended "*solely* to contradict or rebut evidence" within the meaning of either Rule 26 or Local Rule 16.1K. As such, Defendant was not required to disclose those experts within 30 days of Plaintiff's own disclosure – instead, Plaintiff was only required to disclose those experts by July 12, 2010, 90 days before the pretrial conference.

Nonetheless, as Defendant's timely disclosure relates to Mr. Farmer, the Court finds that Plaintiff has been prejudiced. By disclosing Mr. Farmer on July 12, Defendant gave Plaintiff only two weeks in which to schedule, to prepare, and to take Mr. Farmer's deposition before he absented himself from the country, not to return until after the Court's discovery deadline of August 4, 2010 had passed. Such time is inadequate. Defendant shall therefore produce Mr. Farmer for deposition within ten days of this Order or Mr. Farmer will be stricken as an expert.

### IV.  Conclusion

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED**, and **DECREED** that:

1. Plaintiff's Motion to Strike Defendant's Experts (DE #32) be, and the same is, hereby **DENIED**.

2. Defendant is hereby ordered to **PRODUCE** its expert, Gene Farmer, for deposition by Plaintiff within **ten days** of this Order. Failure to do so shall result in the Court striking Gene Farmer as an expert witness.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 8th day of September, 2010.

5

*[signature]*

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**Cc:**
**Counsel for Plaintiff**
**Hilary Chulock**
Law Offices of Robert F. Tacher
3230 West Commercial Blvd.
Suite 250
Fort Lauderdale, FL 33309
954-677-3700
Fax: 954-677-3710
Email: hchulock@travelers.com

**Counsel for Defendant**
**Gregory Mark Palmer**
Rumberger Kirk & Caldwell
80 SW 8th Street
Suite 3000
Miami, FL 33130-3047
305-358-5577
Fax: 305-371-7580
Email: gpalmer@rumberger.com

**Dara A. Lorion**
Rumberger Kirk & Caldwell
80 SW 8th Street
Suite 3000
Miami, FL 33130-3047
(305) 358-5577
Fax: (305) 371-7580
Email: dlorion@rumberger.com